**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**CLARA ROSA MORILLO DE PARRA**,

    Petitioner,

    v.                                   Case No. 2:26-cv-02434-BCL-tmp

**CHRISTOPHER BULLOCK**,
Field Office Director of U.S. Immigration
and Customs Enforcement, New Orleans
Field Office,

    Respondent.

---

**ORDER DENYING MOTION TO ENFORCE JUDGMENT**

---

Before the Court is a motion Petitioner has filed under the title Motion to Enforce Judgment. Doc. 17. The Motion follows an Order in which the Court concluded that the Sixth Circuit's decision in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (2026), entitled Plaintiff to a bond hearing, contrary to this Court's earlier conclusion. Doc. 16. Accordingly, the Court ordered Respondent to "give Petitioner a bond hearing under 8 U.S.C. § 1226(a) within 10 days … or, in the alternative, release her from custody." *Id.* at 2.

After the resulting hearing, the Immigration Judge denied bond, explaining:

> The Court does find that it has jurisdiction under Lopez-Campos. The Court previously denied [Petitioner's] bond redetermination request based on a finding that [Petitioner] was arrested for a crime involving theft and was subject to mandatory detention under the Laken Riley Act. The Court having heard arguments from counsels, denies bond finding [Petitioner] subject to mandatory detention under the Laken Riley Act.

Doc. 17-1 at 3.

1

Contrary to Petitioner's argument, Respondent has not violated the Court's judgment. The Immigration Judge held a hearing as required, but determined that an alternative ground barred Petitioner from obtaining relief—a familiar course to litigants and lawyers who have resumed litigation in trial courts following reversal and remand on appeal. *See, e.g., Sanders v. United States*, 141 S. Ct. 1646, 1647 (Kavanaugh, J., concurring) (explaining that, where Supreme Court vacated due to misapplication of one doctrine, courts on remand could consider whether other doctrines led to same result). That makes good sense, lest an issue or law (assumed arguendo to rightly control the outcome) be foreclosed by an order resulting from proceedings in which the issue or law was not adjudicated. And it makes particularly good sense here, where the decision was not issued by a lower court, but a coequal branch of government applying (arguendo, correctly) a law enacted by the other coequal branch of government, in the immigration context where the political branches are entitled to great deference. *See United States c. Valenzuela-Bernal*, 458 U.S. 858, 864 (1982) ("The power to regulate immigration—an attribute of sovereignty essential to the preservation of any nation—has been entrusted by the Constitution to the political branches of the Federal Government.").

Petitioner spends much of her new Motion challenging the Immigration Judge's conclusion that the Laken Riley Act bars her release. Doc. 17 at 3-5. According to binding precedent, Section 1226(e) does not strip the Court of jurisdiction to review the denial of a bond premised on a non-discretionary determination—here, interpretation of a statute to categorically foreclose bond. *See Jennings v. Rodriguez*, 583 U.S. 281, 294-96 (2018) (plurality op.) (holding Section 1226(e) does not strip jurisdiction where an alien challenges "the extent of the Government's detention authority under the 'statutory framework'" or "the constitutionality of the entire statutory scheme"); *accord Demore v. Kim*, 538 U.S. 510, 515-16 (2003).

But the Court still cannot reach the merits of this issue for two independent reasons. *First*, the doctrine of prudential exhaustion bars review because Plaintiff could, but has not, appealed the Immigration Judge's decision to the Board of Immigration Appeals. *See* Doc. 8 at 3-4 (summarizing doctrine); *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). Petitioner argues in her reply that exhaustion is unwarranted because her claim "is partially constitutional in nature," [1] Doc. 20 at 4, but (1) Plaintiff's Motion to Enforce does not mention the constitution[2] and, in any event, (2) to allow mere inclusion of a constitutional argument to trump prudential exhaustion of statutory arguments would both undermine exhaustion doctrine (and the separation of powers it protects) and contravene the basic principle that statutory issues should be resolved before constitutional ones (which likewise serves in part to protect the separation of powers by leaving room for the political branches to act).[3] *See Ashwander v. TVA*, 297 U.S. 288, 346–347

---

[1] Petitioner also argues that exhaustion should be excused because continued detention would be unfair under her circumstances. Doc. 20 at 5. Petitioner does not provide support for her claim that exhaustion can be dispensed in circumstances like hers. Moreover, to accept an argument that continued detention justifies dispensing with administrative exhaustion would seem to take bond determinations entirely outside of the exhaustion doctrine—an extreme result that the Court will not impose in the absence of authority requiring it. Finally, because Petitioner seeks immediate release from the Court, dispensing with exhaustion now would seem to give her more than she is entitled to under the law even under her theory—i.e., a discretionary determination by the immigration authorities under Section 1226(a). The Court will not create an exception to a threshold bar to review that would have the effect of usurping the discretionary authority entrusted to a coordinate branch of Government.

[2] In a single paragraph in her Reply, Petitioner does tack on a constitutional argument. Petitioner has forfeited this argument by failing to assert it until her reply and, independently, by failing to develop it. *See Kiser v. Kamdar*, 752 F. App'x 272, 274 (6th Cir. 2018) (A party forfeits an argument "by waiting until his reply brief to raise it."); *United States v. Johnson*, 440 F.3d 832, 845-46 (6th Cir. 2006) (Arguments "unaccompanied by some effort at developed argumentation, are deemed waived."). In any event, neither of Petitioner's cited cases suggests that Congress is constitutionally barred from imposing mandatory detention on aliens once arrested or charged with—but not convicted for—certain crimes. One of the cases does not address immigration at all, *see Morrissey v. Brewer*, 408 U.S. 471 (1972), and the other addresses constitutional avoidance, which is a statutory interpretation issue and thus subject to prudential exhaustion, *see Clark v. Martinez*, 543 U.S. 371, 385 (2005) (based on earlier decision applying doctrine of constitutional avoidance, setting presumptive limit on duration of detention of aliens deemed inadmissible but who for practical reasons cannot be removed.); *see also id.* at 381 ("The canon is not a method of adjudicating constitutional questions by other means.")..

[3] The undersigned has repeatedly followed other courts in noting that prudential exhaustion does not apply to constitutional claims because the BIA cannot adjudicate them. Doc. 8 at 4. Under the existing case law, that is plainly true where the plaintiff asserts what amounts to a facial challenge to a law the BIA is tasked with administering, presumably because the BIA cannot be expected to declare its own framework unconstitutional. *See Bangura v. Hansen*, 434 F.3d 487 (6th Cir. 2006). It is less obvious that it is true when the petitioner asserts an as-applied challenge that does not threaten the statute itself but only its application to the petitioner. The Constitution, after all, applies to

(1936) (Brandeis, J., concurring). *Second*, any challenge to the Executive Branch's new bond determination should be asserted via a new petition; the earlier filing of the habeas petition challenging the refusal to provide Petitioner with a bond hearing does not itself give this Court authority to generally superintend, through post-decision motions, Petitioner's interactions with immigration officials, whether generally or as related to bond.

## **CONCLUSION**

Plaintiff's Motion for Enforcement is **DENIED**.

**IT IS SO ORDERED**, this 18th day of June, 2026.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE

---

all branches and its interpretation is a three-branch project—meaning that the Executive likewise is entrusted with interpreting the constitution and acting accordingly. Courts should not jump to deprive it of the chance to do so. But the Court need not reach that issue here for the reasons stated in the text.

4